Eastern District of Kentucky
F I L E D
AUG 2 2 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

BERNARD R. JIVIDEN,

    Petitioner,

v.

J.C. STREEVAL,

    Respondent.

Civil No. 19-060-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Bernard R. Jividen is a federal inmate currently confined at the Federal Correctional Institution ("FCI")-Ashland, located in Ashland, Kentucky. Proceeding without a lawyer, Jividen has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his conviction and sentence and has paid the $5.00 filing fee. [D.E. No. 1, 5]

Petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F.

1

App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

**I.**

In October 2013, pursuant to a plea agreement with the United States, Jividen pled guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Count I). As part of the plea agreement, the United States agreed to dismiss Count II of the indictment, which charged Jividen with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count II). In the plea agreement, the parties agreed to jointly recommend sentencing guideline calculations, including that Jividen's base offense level of 22 should be increased by the following: (1) pursuant to U.S.S.G. § 2G2.2(b)(2), an increase by 2 levels because the material involved children under 12 years of age; (2) pursuant to U.S.S.G. § 2G2.2(b)(4), an increase by 4 levels because the material portrayed sadistic conduct or depictions of violence; and (3) pursuant to U.S.S.G. § 2G2.2(b)(7)(D), an increase by 5 levels because the offense involved over 600 images.[1]

---

[1] The parties agreed that Jividen's base offense level should also be increased for other reasons that are not relevant to his current § 2241 petition.

2

Jividen also expressly waived the right to appeal or collaterally attack his guilty plea, conviction, and sentence (with the exception of a claim of ineffective assistance of counsel), so long as his sentence is not above the recommended guideline range. In addition, notwithstanding the joint recommendation for guideline calculations, Jividen reserved the right to argue for a variance downward from the guideline range and a departure downward from any guideline range not contemplated by the plea agreement. For its part, the United States agreed to recommend the lowest within-guideline term of imprisonment.

On February 20, 2014, Jividen was sentenced to a term of imprisonment of 133 months on Count I of the indictment, to be followed by a life term of supervised released, with the condition that, after 10 years of completion of supervision, with no violations, Jividen may be terminated early from supervised release. As it had previously agreed, the United States moved to dismiss Count II of the indictment. Although Jividen did not appeal his conviction or sentence, he did file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in light of the United States Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). Jividen's § 2255 petition was denied by the District Court and, although Jividen appealed to the United States Court of Appeals for the Sixth Circuit,

his appeal was dismissed for want of prosecution. *United States v. Jividen*, No. 2: 13-cr-045-DLB-CJS (E.D. Ky. 2013).

## II.

In his § 2241 petition filed in this Court, Jividen argues that *United States v. Morrissey*, 895 F.3d 541 (8th Cir. 2018), narrowed the scope of the conduct criminalized by 18 U.S.C. § 2252, such that § 2252 does not permit a dual conviction for receipt and possession of child pornography arising from the same facts. [D.E. No. 1; D.E. No. 1-1] Jividen further argues that the indictment in his case was defective because it did not allege that the pornographic images depicted a minor under twelve years of age and did not identify which images were possessed and which were distributed. He therefore contends that it was improper to apply 18 U.S.C. § 2252(b)(2), which increases the statutory maximum sentence for a violation of § 2252(a)(4) (possession of child pornography) from 10 to 20 years. Jividen also contends that the failure to submit the question of the age of the minor depicted in the images to a jury was a violation of his Sixth Amendment rights under *Alleyne v. United States*, 570 U.S. 99 (2013).

Jividen also relies upon *United States v. Haymond*, 139 S.Ct. 2369 (2019), and argues that the imposition of his term of supervised release pursuant to 18 U.S.C. § 3585(k) is invalid because § 3585(k) is unconstitutional. Finally, Jividen argues

that the District Court improperly increased his base offense level under the U.S.S.G. §§ 2G2.2(b)(2), (4), and (7)(D), citing to several court decisions issued long before his sentence was imposed. According to Jividen, the District Courts "misapplication" of the various sentencing enhancements provided by the Guidelines, is "an error sufficiently grave to be deemed a miscarriage of justice of a fundamental defect," such that he may proceed in his § 2241 petition pursuant to *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016).

However, Jividen's petition must be denied for several reasons. First, contrary to his repeated statements in his petition, Jividen was *not* convicted of both receipt and possession of child pornography, as Count II of the indictment charging him with possession of child pornography was dismissed by the United States. Thus, his argument that he was improperly convicted of both receipt and possession of child pornography based on the same underlying facts is unfounded. Moreover, because he was convicted of receipt of child pornography in violation of 18 U.S.C. 2252(a)(2), the basis for his statutory maximum penalty of 20 years was the statutory penalty provided by 18 U.S.C. § 2252(b)(1), not the enhanced statutory maximum penalty of 20 years provided by § 2252(b)(2) for a violation of § 2252(a)(4)

involving a prepubescent minor or a minor who had not attained 12 years of age.[2] For these reasons, neither *Morrissey* nor *Alleyne* have any bearing upon Jividen's case, and his claims based upon them are substantively without merit.

In addition, Jividen's petition is barred by the collateral attack waiver he agreed to as part of his plea agreement. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). In his plea agreement, Jividen bargained for and received a substantial reduction in the sentence he faced in exchange for his agreement to plead guilty and to waive his right to challenge his conviction or sentence by any means, whether by direct appeal or collateral attack. Jividen is therefore barred from challenging his conviction or sentence in this proceeding. *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL

---

[2] Section 2252(b)(1) provides, in relevant part, that "[w]hoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years." 18 U.S.C. § 2252(b)(1). Section 2252(b)(2) provides, in relevant part, that "[w]hoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both, but if any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years." 18 U.S.C. § 2252(b)(2). However, as Jividen was not convicted of a violation of § 2252(a)(4), the statutory penalty provided by § 2252(b)(2) did not come into play.

5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Further, in his § 2241 petition, Jividen challenges the increases to his base offense level made as part of calculating his recommended Sentencing Guideline range. Specifically, he argues that the following upward adjustments to his base offense level were improper: (1) pursuant to U.S.S.G. § 2G2.2(b)(2) because the material involved children under 12 years of age; (2) pursuant to U.S.S.G. § 2G2.2(b)(4) because the material portrayed sadistic conduct or depictions of violence; and (3) pursuant to U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved over 600 images. However, as part of his plea agreement, Jividen specifically agreed to jointly recommend sentencing guideline calculations, including these specific upward adjustments to his base offense level. *United States v. Jividen*, No. 2: 13-cr-045-DLB-CJS (E.D. Ky. 2013) at D.E. No. 16, Plea Agreement, at ¶ 5. Having received the benefit of the plea agreement, Jividen provides no reason why he should not be held to his bargain with the United States.

Even putting his plea agreement aside, Jividen is still precluded from relief because he may not assert his claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d

458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249

F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F.3d at 599-600.

Jividen does not meet these requirements. First, his sentence was imposed in 2014, long after *Booker* was decided and under an advisory Sentencing Guidelines regime. A challenge to the enhancement of his sentence therefore fails to satisfy *Hill's* threshold requirement for cognizability. *See Arroyo v. Ormond*, No. 6: 17-CV-69-GFVT (E.D. Ky. 2017), *aff'd*, No. 17-5837 (6th Cir. April 6, 2018) ("Arroyo was sentenced in October 2006, after the Supreme Court's decision in *Booker*...On this basis alone, Arroyo's claim does not fall within *Hill's* limited exception for

bringing a § 2241 habeas petition to challenge a federal sentence."); *Contreras v. Ormond*, No. 6: 17-CV-329-GFVT (E.D. Ky.), *aff'd*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018); *Anderson v. Ormond*, No. 6:18-CV-254-CHB, 2018 WL 6594539, at *3-4 (E.D. Ky. Dec. 14, 2018).

Second, Jividen does not point to any case of statutory interpretation from the Supreme Court in support of his claims. Jividen relies upon the United States Court of Appeals for the Eighth Circuit's decision in *Morrissey*, which held that because "[p]ossession of child pornography is a lesser-included offense to receipt of child pornography...convicting a defendant for both possession and receipt based on the same conduct would violate the Double Jeopardy Clause." *Morrissey*, 895 F.3d at 548 (citations and quotations omitted). Although Jividen argues that this is a "new interpretation" of the meaning of § 2252 that was previously unavailable to him, the court in *Morrissey* was simply applying a rule that has long been the rule in the Sixth Circuit. *See United States v. Dudeck*, 657 F.3d 424, 431 (6th Cir. 2011) ("If it cannot be determined that separate and distinct conduct occurred for each offense, this case is controlled by *Ehle*: conviction for both receipt and possession based on the same images violates the Double Jeopardy Clause.")(citing *United States v. Ehle*, 640 F.3d

689, 698 (6th Cir. 2011)).³ Moreover, as noted above, Jividen was not convicted of both receipt and possession of child pornography based on the same images; rather, he was convicted only of receipt. Thus, there is no Double Jeopardy violation.

Jividen also suggests that his supervised release term of life is improper in light of *United States v. Haymond*, --- U.S. ----, 139 S.Ct. 2369 (2019), because it was imposed pursuant to 18 U.S.C. § 3583(k). Section 3583(k) provides:

> Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section...2252..., is any term of years not less than 5, or life. If a defendant required to register under the Sex Offender Registration and Notification Act [SONRA] commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

18 U.S.C.A. § 3583(k). In *Haymond*, the Supreme Court addressed only the last two sentences of § 3583(k) providing that, "'[i]f a defendant required to register under [SORNA]' commits certain specified offenses, 'the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment [of]

---

³ Indeed, as noted in *Dudeck*, construing possession of child pornography as a lesser-included offense of receipt of child pornography was also the rule in the Eighth Circuit prior to *Morrissey*. *Dudeck*, 657 F.3d at 429, n.1 (citing *United States v. Muhlenbruch*, 634 F.3d 987, 1003-04 (8th Cir. 2011)(other citations omitted).

11

not...less than 5 years.'" *Haymond*, 139 S.Ct. at 2385 (quoting § 3583(k)). Because this provision requires the imposition of a new term of imprisonment of at least five years if a judge determines that a defendant on supervised release committed one of the enumerated offenses (regardless of the time remaining on his original sentence), the Supreme Court agreed with the Tenth Circuit that these two sentences violate the Fifth and Sixth Amendments. *Id.* at 2378-79. However, the Supreme Court repeatedly noted that its decision addressed only the last two sentences of § 3583(k) imposing a mandatory minimum sentence of 5-years upon the revocation of supervised release in certain circumstances. *Id.* at 2383-85; 2386 (Breyer, J., concurring). These provisions simply are not implicated in Jividen's case, as his claim involves the first sentence of § 3583(k) addressing the initial imposition of a term of supervised release, not an imposition of a mandatory minimum term of imprisonment for violation of the terms of supervised release. In fact, the Tenth Circuit specifically concluded that, notwithstanding the unconstitutionality of the second two sentences of § 3583(k) "the remaining provisions of § 3583...can function independently, without the isolated provision of § 3583(k) that provides for a mandatory sentence of five years' reimprisonment to be imposed when supervised release is revoked based on commission of a specific set of subsequent crimes." *United States v. Haymond*, 869 F.3d 1153, 1168 (10th Cir. 2017), *cert. granted*, 139

S. Ct. 398, 202 L. Ed. 2d 309 (2018), and *vacated and remanded*, 139 S. Ct. 2369 (2019). Thus, Jividen is not entitled to relief in light of *Haymond*.

Moreover, Jividen's challenges based on *Morrissey*, *Alleyne*, and *Haymond* are all constitutional challenges, not challenges based on changes of statutory interpretation, and, therefore, are not cognizable in this proceeding. Rather, these constitutional claims must be asserted, if at all, pursuant to 28 U.S.C. § 2255(h)(2). *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). *See also Rosello v. Warden F.C.I. Allenwood*, 735 F. App'x 766, 768 n.5 (3d Cir. 2018) (holding that claims under *Johnson* and *Dimaya* are "precisely the type of constitutional claim[s] that can be pursued in a second or successive § 2255 motion"); *Kniebes-Larsen v. United States*, Civ. No. 18-1261 (JNE/BRT), 2018 WL 6204966, at *2-3 (D. Minn. Oct. 2, 2018).

Likewise, Jividen's challenge to the sufficiency of the indictment, as well as to the trial court's guidelines calculations, are claims of ordinary trial error that could and must have been pursued on direct appeal or in an initial § 2255 motion. Because Jividen's claims are all of the kind that may be asserted under § 2255, that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible. *Hill*, 836 F.3d at 594-95; *Truss v. Davis*,

115 F. App'x at 773-74; *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

Finally, even if Jividen's claims did have merit, his 133-month sentence is below the 240-month statutory maximum he faced for a violation of § 2252(a)(2) pursuant to § 2252(b)(1). Therefore, he fails to show a miscarriage of justice.

For all of these reasons, it plainly appears from Jividen's petition that he is not entitled to relief. Thus, his § 2241 petition will be denied. Accordingly, it is hereby **ORDERED** as follows:

1. Jividen's petition for a writ of habeas corpus [D.E. No. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 22nd day of August, 2019.



Signed By:
*Henry R. Wilholt, Jr.*
**United States District Judge**